FILED'11 MAY 31 14:54USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HECTOR RANGEL-PEREZ,

        Petitioner,        Civil No.10-700-CL

        v.        REPORT AND RECOMMENDATION

STEVE FRANKE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated April 19, 2006 from the Washington County Circuit Court after a conviction for Assault in the Second Degree. Exhibit 101. After a jury convicted petitioner, the trial court imposed a sentence of 70 months. Id.

    Petitioner appealed but subsequently moved for voluntary

1 - REPORT AND RECOMMENDATION

dismissal of the appeal. Exhibits 105 - 107.

Petitioner filed an Amended Petition for Post-Conviction Relief, Exhibit 108, but the Umatilla County Circuit Court denied relief. Exhibit 121. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 122 - 127.

Petitioner filed a petition under 28 U.S.C. sec. 2254 alleging that his trial counsel was ineffective "in not calling as a witness the alleged victim." Petition (#2) p. 6.

Respondent moves to deny relief because petitioner's claim "was not fairly presented to the highest state court and is therefore procedurally defaulted." Response (12) p. 1. Respondent further contends that petitioner's claim "is also meritless and was denied in a state-court decision entitled to deference under 28 U.S.C. 2254(d) and (e)(1)." Id.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

2 - REPORT AND RECOMMENDATION

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v.

3 - REPORT AND RECOMMENDATION

Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

4 - REPORT AND RECOMMENDATION

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction proceedings. State v. Dell, 156 Or.App. 184, *rev. denied*, 328 Or. 194 (1998); State v. Lloyd, 109 Or.App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

Petitioner alleged in his Amended Post-Conviction Petition that his trial counsel was constitutionally ineffective for failing to call the victim as a witness. Exhibit 108, p. 2.

However, on appeal from the post-conviction trial decision denying relief, petitioner did not raise this claim. Petitioner appeal brief alleged three assignments of error alleging that the post-conviction court erred: (1) "When it failed to grant petitioner's request that counsel interview [the victim];" (2) by striking petitioner's pro se motion for appointment and funding of an investigator to interview the victim; and (3) by refusing to allow petitioner to bypass counsel and present evidence to the court directly. Exhibit 122.

Because petitioner failed to raise the claim presented in this proceeding to the state's highest court, and can no longer do so, it is procedurally defaulted. *Boerckel*, 526 U.S. 848. Petitioner has not established any cause and prejudice that would excuse the procedural default or

5 - REPORT AND RECOMMENDATION

established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, petitioner's claim is not properly before this court for review.

Assuming that petitioner exhausted state remedies or that his claim should be considered, I find as follows.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28

U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent

7 - REPORT AND RECOMMENDATION

review of the legal question' is left with a 'firm conviction' that the state court was erroneous.  We have held precisely the opposite:  Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must be objectively unreasonable."  Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court.  Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding.  This is true even if the state courts do not fully articulate their reasoning.  Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

8 - REPORT AND RECOMMENDATION

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

9 - REPORT AND RECOMMENDATION

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be

10 - REPORT AND RECOMMENDATION

> considered sound trial
> strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam), see also, Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

In the last reasoned state court decision, the PCR court concluded that petitioner failed to prove his claim that counsel was ineffective for failing to call the victim/witness and issued the following relevant findings of fact:

> A. Trial attorney discussed with petitioner the risks of calling his wife as a witness (prior inconsistent statements and calls petitioner made from jail to his wife).
>
> B. Eye witness testified that petitioner slammed victim in the face while she was drinking from the glass. She received serious injuries.
>
> C. Decision not to call wife was a strategy call and was a reasonable decision based on the risks. Attorney and petitioner together decided not to call her.

Respondent's Exhibit 121, PCR Appellate Judgment p. 1-2.

The finding that trial counsel's decision not to call the victim as a witness was a reasonable strategic decision is not

11 - REPORT AND RECOMMENDATION

contrary to or an unreasonable application of *Strickland* and is thus entitled to deference under 28 U.S.C. § 2254. Challenges to tactical decisions are not a proper basis for habeas corpus relief. *See,* Strickland, 446 U.S. at 690-691 ("Strategic choices made after through investigation of law and facts relevant to plausible options are virtually unchallengeable.")

Moreover, I find that the PCR court decision is supported by the record before the court and correct on the merits.

Petitioner's trial counsel stated in an affidavit that because of his belief that the victim's testimony would hurt, not help, petitioner, he made a strategic decision not to call the victim as a witness. Respondent's Exhibit 112, ¶¶ 2,7. As noted above, trial counsel's strategic choices are "virtually unchallengeable." Under *Strickland*, petitioner must make a showing that would overcome the presumption that the challenged action might be considered sound trial strategy. 446 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1995)).

Petitioner has not made a showing that would overcome the presumption that trial counsel made a reasonable tactical choice, and the evidence overwhelmingly supports trial counsel's decision that the victim's testimony would hurt, not help, petitioner.

12 - REPORT AND RECOMMENDATION

In his affidavit, trial counsel explains that the victim had originally told police that petitioner had knocked the drinking glass into her face intentionally when they were arguing. Respondent's Exhibit 112, ¶ 3. Later, when a defense investigator interviewed the victim, she recanted and said that the blow that struck the glass was an accident and that it occurred in the course of petitioner grabbing her and picking her up. Id, ¶ 5. However, the assault happened in front of a number of eyewitnesses and the victim's recantation was at variance with the testimony of those eyewitnesses Id. ¶¶ 4,5. In light of the victim's recantation, the district attorney did not call her as a witness. Id. ¶ 6. Trial counsel was prepared to call the victim as a witness, however, he knew that by doing so, all of her prior statements to police officers would have been admissible for impeachment. Id. ¶ 6. Counsel planned to request a limiting instruction, but in his experience limiting instructions have little curative effect on jurors once they have heard damaging statements. Id.

Finally, in the middle of trial, trial counsel became aware that petitioner had been placing telephone calls to the victim to manipulate her testimony. Respondent's Exhibit 112, ¶ 7. The district attorney made it clear to trial counsel that if he called the victim to testify he would not only

13 - REPORT AND RECOMMENDATION

impeach her with her prior inconsistent statements, but that he would offer the damaging phone conversations into evidence as well. Id. Trial counsel concluded that the victim's testimony would be more hurtful than helpful. Id.

In summary, trial counsel's strategic decision not to call the victim to testify was based on three considerations: 1.) First, the victim initially had told police that petitioner's actions were intentional, and not an accident, and those prior inconsistent statements were going to be used to impeach her testimony; 2.) Second, if the victim testified, the district attorney was prepared to present to the jury a set of audio recordings which revealed that the petitioner had coerced her recantation; 3.) Third, the victim's current version of the events leading to her injury was inconsistent with that of numerous eyewitnesses.

These considerations establish that trial counsel made a very good strategic decision not to call the victim as a witness. His decision in this regard was reasonable under the circumstances and did not prejudice the petitioner.

To the extent that petitioner may be trying to raise the grounds he raised in his PCR appeal, none of those grounds state a claim for federal habeas corpus relief. See, Ortiz v. Steward, 149 F.3d 923, 939 (9th Cir. 1998) (federal habeas relief is not available to redress alleged procedural errors

in state post-conviction proceedings); <u>Franzen v. Brinkman</u>, 877 F.2d 26 (9th Cir. 1989) (a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings); <u>see also</u>, <u>Lambert v. Blackwell</u>, 387 F.3d 210, 247 (3rd Cir. 2004) (the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceeding that actually led to the petitioner's conviction; what occurred in petitioner's collateral proceeding does not enter into the habeas calculation.).

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the

15 - REPORT AND RECOMMENDATION

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 31 day of May, 2011.

                                                                Mark D. Clarke
                                                                United States Magistrate Judge